Tara **CALLEN** and Justin Callen, Plaintiffs,

v.

Robinson **CALLEN**, Defendant.

No. 11 Civ. 6040.

United States District Court, S.D. New York.

Sept. 28, 2011.

Justin M. Sher, Sher L.L.P., New York, NY, for Plaintiffs.

Frederic Charles Weiss, Frederic C. Weiss, Brooklyn, NY, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiffs Tara Callen and Justin Callen (together, "Plaintiffs") commenced this action against defendant Robinson Callen ("Defendant") in New York State Supreme Court, New York County ("State Court"), on May 12, 2011. On August 26, 2011, Defendant filed a notice of removal to this Court based on diversity jurisdiction. Shortly after removing this action, Defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b) or, in the alternative, to transfer this action to the United States District Court for the Southern District of Georgia, Savannah Division, pursuant to 28 U.S.C. § 1404(a).

On September 14, 2011, the Court held a telephone conference with the parties to discuss Defendant's pending motion and directed Plaintiffs to respond solely to the motion to transfer. By letter-brief dated September 20, 2011 ("September 20 Letter"), Plaintiffs filed their opposition to Defendant's motion to transfer. Plaintiffs also indicated in the September 20 Letter that Plaintiffs intended to move, on or before September 26, 2011, to remand this action to the State Court on the grounds that Defendant's notice of removal was untimely. The Court deems Plaintiffs' September 20 Letter as constituting a motion to remand. On September 23, 2011, the Court held a second telephone conference with the parties to consider the September 20 Letter and hear further arguments with regard to the timeliness of removal of this action. At the conclusion of that telephone conference, the Court issued its oral rulings as to the motion to remand and the motion to transfer, and indicated that a written decision would follow. This Order documents the Court's previous rulings.

"When presented with competing motions to remand a case and to transfer venue, a court is to consider the remand motion first, and then address the motion to transfer venue only if it first denies the motion to remand." *Stahl v. Stahl,* No. 03 Civ. 0405, 2003 WL 22595288, at *2 (S.D.N.Y. Nov. 7, 2003). The Court therefore addresses Plaintiffs' motion to remand first.

Defendant's notice of removal is premised on diversity of citizenship and an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332. Plaintiffs concede that complete diversity exists, but they contend that Defendant's notice of removal was untimely because it was filed more than 30 days after service of the initial pleadings. *See* 28 U.S.C. § 1446(b). Here, the grounds for removal are not apparent on the face of the complaint because the initial pleading did not set forth the domicile of any of the parties. When

"the grounds for removal are not apparent on the face of the complaint," *Trustees of Masonic Hall & Asylum Fund v. Pricewaterhousecoopers LLP,* Nos. 08 Civ. 10494, 08 Civ. 10495, 2009 WL 290543, at *6 (S.D.N.Y. Feb. 6, 2009), § 1446(b) provides that

> a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ....

28 U.S.C. § 1446(b). "[A]n oral assertion is insufficient to start the 30–day clock for a defendant's removal petition ...." *Quintana v. Werner Enters., Inc.,* No. 09 Civ. 7771, 2009 WL 3756334, at *1 (S.D.N.Y. Nov. 2, 2009). Rather, the clock begins to run when "an amended pleading, motion, order *or other paper*" discloses facts giving rise to removability. *Id.* (emphasis added).

■ It was not until Plaintiffs filed their "Reply Affidavits" on July 27, 2011 (*see* Docket No. 1, Exs. E & H), that the papers on file disclosed facts sufficient to determine that complete diversity exists. Consequently the 30–day clock did not begin to run until July 27, 2011. Defendant timely filed his notice of removal thirty days later on August 26, 2011. The Court therefore denies Plaintiffs' motion to remand.

■ Turning to the motion to transfer, the Court finds that all or most of the material events, documents, persons and potential witnesses related to this action are located in Savannah, Georgia. This action arises out of Defendant's alleged misappropriation and mismanagement of assets held in an irrevocable, lifetime trust called the Callen Trust. The Callen Trust is governed by Florida law and has its administrative offices in Savannah, Geor-gia. The books and records of the Callen Trust, as well as the third-party accountants, bankers, doctors and other professionals who will be witnesses in this action, are located in Savannah, Georgia. The Court concludes that in the interest of justice, the maximum convenience to the parties and witnesses, and of the efficient management of this Court's docket, this action should be transferred to the Southern District of Georgia pursuant to 28 U.S.C. § 1404(a). *See AGCS Marine Ins. Co. v. Associated Gas & Oil Co.,* 775 F.Supp.2d 640, 645 (S.D.N.Y.2011). Therefore, Defendant's motion to transfer is granted.

For the reasons stated above, it is hereby

**ORDERED** that the motion to remand that the Court has deemed contained in the September 20, 2011 letter (Docket No. 11) submitted by plaintiffs Tara Callen and Justin Callen is DENIED; and it is further

**ORDERED** that the motion to transfer (Docket No. 3) of defendant Robinson Callen is GRANTED. The Clerk of Court is directed to transfer this case to the Southern District of Georgia pursuant to 28 U.S.C. § 1404(a).

**SO ORDERED.**